McDANIEL, APPELLEE, *v.* McDANIEL, APPELLANT.

(No. 234—Decided May 12, 1950.)

*Messrs. Sanders & Grigsby,* for appellee.
*Messrs. Williams, Reynolds, Murray & Deeg,* for appellant.

MIDDLETON, J. This is an appeal on questions of

law from a judgment of the Common Pleas Court of Union County, entered upon a verdict in favor of the plaintiff and against the defendant, the appellant herein.

The action is for damages for injuries to plaintiff's eye, claimed to have been received by the plaintiff while in the employ of his father, the defendant.

In substance, the petition sets forth that plaintiff was employed by the defendant to do some repair work on defendant's farm; that defendant instructed plaintiff to assist him in jacking up a timber in a barn and in nailing a 2 by 6 support under the timber; that the room where they were working was not properly lighted; that defendant failed to furnish a ladder for plaintiff to use while nailing the timber; that defendant instructed plaintiff to stand on a timber nailed to the wall of the room and to maintain himself thereon by holding with his left hand while driving a spike into the support with his right hand; and that, while carrying out the orders of the defendant, plaintiff attempted to drive the nail but, due to the darkness of the room and his precarious position, struck the spike a glancing blow which caused the nail to fly into his left eye.

The petition then sets forth that plaintiff's injury and damage were caused wholly and solely by reason of the negligence, carelessness, and unlawful conduct of the defendant in the following respects:

1. Defendant negligently and unlawfully failed to furnish a safe place of employment.

2. Defendant negligently and carelessly neglected to warn the plaintiff of the danger of the employment.

3. Defendant negligently and carelessly and without proper regard for the welfare of plaintiff instructed him to stand on a timber and attempt to drive said spike.

4. Defendant carelessly and negligently required and instructed plaintiff to work in a room which was not properly lighted.

The answer admits that plaintiff was working for the defendant at the time set forth in the petition and that the plaintiff, while so working for defendant, did receive some injury to his eye. For want of knowledge, the answer denies that the injury was of the character and extent set forth in the petition and that it was received as set forth in the petition. Then follows a general denial of all averments of the petition not admitted to be true.

Upon this claimed state of facts the case was submitted to a jury which returned a verdict for plaintiff, upon which judgment was entered. From that judgment the defendant appeals.

Defendant's first assignment of error is as follows:

The trial court erred in overruling the motion of the defendant, made at the conclusion of the plaintiff's case, that the court withdraw the case from the consideration of the jury and direct the jury to render a verdict in favor of the defendant.

One of plaintiff's specifications of negligence against the defendant is that defendant failed to furnish the plaintiff with a safe place to work in that the room where plaintiff was required to work was not properly lighted.

As shown by the bill of exceptions, the plaintiff testified as follows:

"A. I believe in a joking manner he said, 'if I could see it I believe I could hit it,' and I said, 'well, I think I can see it but I am not sure that I am skilled enough to drive it.'

"Q. Then what did he say? A. 'You see if you can drive the spike.' "

As shown by the bill of exceptions, the plaintiff testified as follows:

"Q. Now, Giles, on the morning of this accident did you ask your father before commencing work for additional light in the barn? A. No."

Again, the plaintiff testified, in a deposition taken by the defendant, as follows:

"Q. At the time that you started to work in the barn on the morning of your injury did you consider the barn too dark to do the type of work that you were doing? A. No."

The plaintiff testified further that he did not ask the defendant to furnish him with a ladder; that defendant did not offer a ladder; and that he, plaintiff, did not think one was necessary.

Thus the plaintiff, by his own testimony, refutes the averment in his petition that the barn was not properly lighted, or that a ladder was necessary, or that the defendant was negligent in failing to furnish a ladder for the use of the plaintiff in the performance of the work he was instructed to do.

A careful reading of the record fails to show any evidence that the position taken by the plaintiff in attempting to drive the spike was precarious or that he was instructed by the defendant to stand on the timber and maintain himself thereon by holding with his left hand while driving the spike with his right hand. The position the plaintiff at the time of the injury, as shown by the record, was taken voluntarily and of his own selection.

It appears further from the record that the injury was caused by striking the spike a glancing blow and was not the result of failure or negligence of defendant as averred in the petition.

The record discloses further that the plaintiff was engaged in the simple work of driving a nail, certainly not such work that required any degree of skill, and there was nothing dangerous in the employment

which required any instructions or warning by the defendant. If there was any danger in the work he was instructed to do or in the place in which the work was to be performed, it was as apparent to the plaintiff as to the defendant, and being apparent to the plaintiff as well as to the defendant, the plaintiff assumed any risk in the employment and the defendant therefore is not liable for any injury resulting. *McGill* v. *Cleveland & South-Western Traction Co.*, 79 Ohio St., 203, 86 N. E., 989, 128 Am. St. Rep., 705, 19 L. R. A. (N. S.),793; *Nussbaum* v. *Lake Shore & Michigan Southern Ry.*, 21 C. C. (N. S.), 65, 25 C. D., 121; *Doyle* v. *Toledo Furnace Co.*, 17 C. C. (N. S.), 231, 25 C. D., 299; 26 Ohio Jurisprudence, 430, 431, 432, Sections 348, 349, 350, 351.

There is a complete failure of evidence to show the defendant guilty of any of the specifications of negligence set out in the petition. When construed in the light most favorable to plaintiff and giving him the benefit of all reasonable inferences, there remains nothing in his evidence to support his claim of negligence and, therefore, nothing for the court to submit to the jury.

There was error, therefore, in the court's order overruling the defendant's motion, made at the conclusion of plaintiff's case, to withdraw the case from the consideration of the jury and to render a judgment for the defendant.

The court further finds error as set forth in appellant's assignments of error Nos. 2, 3, 4, 5 and 6.

Assignments of error Nos. 7, 8, 9 and 10 were not argued orally or by brief and are, therefore, disregarded.

The judgment of the Common Pleas Court is, therefore, reversed and this court, rendering the judgment the Common Pleas Court should have rendered, sus-

tains the motion of the defendant to direct a verdict in favor of defendant, and enters final judgment in favor of the defendant.

*Judgment reversed.*

GUERNSEY, P. J., and JACKSON, J., concur.